**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
::::::::::::::::::::::::::::::::::::::::::::::::::::::
**EMMANUEL T. JOHNSON,**

                      **Petitioner,**

v.                                                       **9:02-CV-1366**
                                                                      **(NPM)**

**THOMAS RICKS, Superintendent**

                      **Respondent.**
::::::::::::::::::::::::::::::::::::::::::::::::::::::
**APPEARANCES:**                   **OF COUNSEL:**

**FOR THE PETITIONER**:

**EMMANUEL T. JOHNSON**
Petitioner, pro se
98-B-1104
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

**FOR THE RESPONDENT:**

**HON. ANDREW M. CUOMO**       **MARIA MORAN, Esq.**
Office of Attorney General           Asst. Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

**NEAL P. MCCURN**
**SENIOR UNITED STATES DISTRICT JUDGE**

**DECISION AND ORDER**

I.    **Background**

     Petitioner pro se Emmanuel Johnson filed a writ of habeas corpus in this District

on October 28, 2002. Dkt. No. 1. He thereafter filed an amended petition in this action

(Dkt. No. 17) in which he asserted several grounds in support of his request for federal habeas intervention.  See id., Grounds One through Seven.

In a Memorandum-Decision and Order dated October 29, 2007, this Court denied and dismissed Johnson's amended petition.  Dkt. No. 46 ("Memorandum-Decision and Order").  In an application filed by Johnson on November 9, 2007, and supplemented by him on November 20, 2007, petitioner sought reconsideration, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, of the portion of the Memorandum-Decision and Order which denied his fifth ground for relief as procedurally forfeited.  See Dkt. Nos. 48 and 53, respectively ("Initial Motion for Reconsideration").  That application was denied by this Court's order filed March 13, 2008.  Dkt. No. 55.

On May 2, 2008, the Second Circuit dismissed Johnson's appeal of the judgment dismissing his amended habeas application, concluding in its order that he had failed to make a "substantial showing of the denial of a constitutional right" regarding that petition.  See Johnson v. Senkowski et al., No. 07-5182pr, slip op. at 1 (2d Cir. May 2, 2008).

Presently before this Court is a renewed motion for reconsideration, which Johnson now brings pursuant to Rules 60(b)(2), (3) and (6) of the Federal Rules of Civil Procedure, that seeks reconsideration of:  i) the Memorandum-Decision and Order that dismissed his amended petition; and ii) the Decision and Order that denied his Initial Motion for Reconsideration.  Dkt. No. 56 ("Renewed Motion for Reconsideration").  In

that application, Johnson asserts that he mistakenly brought his prior motion under Fed.R.Civ.P. 60(b)(1), and requests that this Court grant his application based upon what he characterizes as new, critical evidence that he asserts warrants that granting if his motion.  See Renewed Motion for Reconsideration at 2-3.

## II.     Discussion

In his Renewed Motion for Reconsideration, Johnson reiterates many of the claims raised in his Initial Motion for Reconsideration, and again argues that he is actually innocent of the fifth count in the indictment returned against him in state court, which charged him with criminally possessing a revolver on May 31, 1997.  *See* Renewed Motion for Reconsideration.

Unfortunately for Johnson, he appears to overlook the well-settled precept that "a motion for reconsideration 'is not a mechanism to allow parties to relitigate contentions and arguments already briefed, considered and decided.'"  *Minicone v. United States*, No. 5:89-CR-173, 2007 WL 2572119, at *1 (N.D.N.Y. Aug. 31, 2007) (Munson, S.J.) (quoting *Yankelevitz v. Cornell University*, No. 95 CIV. 4593, 1997 WL 115651 at *2 (S.D.N.Y. Mar. 14, 1997)); *see also Henderson v. Metropolitan Bank & Trust Co.*, 502 F.Supp.2d 372, 376 (S.D.N.Y. 2007) ("[a] court should deny a motion for reconsideration when the movant seeks solely to relitigate an issue already decided") (internal quotation, citation and footnote omitted); *Edwards v. United States Dept. of Agriculture*, No. 04-CV-6051L, 2007 WL 700898, at *1 (W.D.N.Y. Mar. 1, 2007) (motion for

reconsideration is not intended as a "vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to [previously] advance") (internal quotation and citations omitted).

Although Johnson now brings this motion under different subdivisions of Rule 60(b) of the Federal Rules of Civil Procedure, he appears to overlook the fact that this Court has previously considered and rejected, in the context of his prior motion for reconsideration, his current claims that:  i) the County Court's April 7, 1999 order which denied Johnson's collateral challenge to his conviction included an "illegal theory;" (compare Initial Motion for Reconsideration at 3-7 with Renewed Motion for Reconsideration at 2-3); ii) jurisdictional defects in that proceeding resulted in a miscarriage of justice (compare Initial Motion for Reconsideration at 3-4 with Renewed Motion for Reconsideration at 4); and iii) the trial court improperly raised, for the first time in its April, 1999 order, matters that were never established at trial (compare Initial Motion for Reconsideration at 4-7 with Renewed Motion for Reconsideration at 3-9). Nothing in his Renewed Motion for Reconsideration establishes that Johnson is entitled to the relief he requests in such application.

While Johnson may well disagree with the Court's ultimate decision to deny both his amended habeas petition and his motion for reconsideration of the decision that dismissed his petition, "[t]he fact that [petitioner] disagree[s] with the Court's decision does not warrant reconsideration thereof." Keesh v. Smith, No. 04-CV-0779, 2007 WL

4

1571667, at *1 (N.D.N.Y. May 25, 2007) (DiBianco, Magistrate Judge); see also Gjoni v. Home Depot, Inc. of Danbury, CT, No. 99 CIV. 1849, 2002 WL 91623, at *2 (S.D.N.Y. Jan. 23, 2002).

**WHEREFORE**, after having reviewed the papers submitted by Johnson in support of his renewed motion for reconsideration, the submissions filed by the parties in conjunction with the initial motion for reconsideration, this Court's October 29, 2007 Memorandum-Decision and Order, the state court record, and the applicable law, for the reasons discussed herein, it is hereby

**ORDERED**, that Johnson's Renewed Motion for Reconsideration (Dkt. No. 56) is **DENIED**, and it is further

**ORDERED**, that the Clerk of Court serve a copy of this Decision and Order upon the parties to this action by regular or electronic mail.

**IT IS SO ORDERED.**

Dated:     May 19, 2008
           Syracuse, New York

                                         _____
                                         Neal P. McCurn
                                         Senior U.S. District Judge